# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: A.B.

No. 16-0973 (Taylor County 15-JA-28)

**FILED**

**March 24, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother R.R., by counsel Jamella L. Lockwood, appeals the Circuit Court of Taylor County's September 13, 2016, order terminating her parental rights to five-year-old A.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Ashley V. Williams Hunt, filed a response on behalf of the child also in support of the circuit court's order.[2] Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2015, the DHHR received a referral that the child was observed with multiple bruises in various stages of healing on his body. Specifically, the child had a large bruise on his

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). The Court notes that the proceedings below concerned an additional child. However, petitioner raises no assignment of error in regard to this child on appeal. Accordingly, our holding in this memorandum decision does not concern the circuit court's rulings regarding that child.

[2]The guardian's response to this Court, which was filed as a summary response pursuant to Rules 10(e) and 11(h) of the Rules of Appellate Procedure, fails to include a section regarding the status of the child. This information is of the utmost importance to this Court. We refer the guardian to Rule 11(j) of the Rules of Appellate Procedure, which requires briefs in abuse and neglect appeals to contain a section on the current status of the children, permanent placement goals, and the current status of the parental rights of all of the children's parents. We decline to employ its use in this matter, but we caution the guardian that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the Rules.

1

buttock, a bruise extending across his waist band, and bruises on both sides of his face and right ear. When asked by Child Protective Services ("CPS") workers where the bruises came from, petitioner stated that "the child falls all the time and also self-injures." Thereafter, petitioner told daycare workers that the bruises appeared after A.B. fell from a chair. Petitioner also believed that the bruises were a side effect of A.B.'s medications. The following month, a pediatrician tested A.B.'s blood and determined that while his iron was low, this deficiency would not cause "easy bruising." A hematologist performed additional testing and concluded that, while A.B. had a mild factor 12 deficiency, this deficiency would not result in "easy bruising." Despite the fact that A.B. told CPS workers that "daddy whipped me" petitioner continued to deny any physical abuse and suggested that something was medically wrong with A.B. Based upon these unexplained injuries, the DHHR filed a petition for abuse and neglect against petitioner alleging that she failed to protect her child.

Thereafter, the circuit court held two adjudicatory hearings during which multiple witnesses testified. The child's doctor testified that A.B.'s test results for "easy bruising" were negative. Similarly, A.B.'s low iron levels would not contribute to "easy bruising." Furthermore, the doctor testified that A.B.'s bruises were not the result of a side effect of his medication. Based upon these test results and the lack of plausible explanations, the doctor was concerned that A.B. was being physically abused. A CPS worker testified that petitioner continued to deny that A.B. was physically abused until it was determined that there was no medical explanation for A.B.'s injuries at which time she admitted that she has "whipped" A.B. on his buttock. According to the worker, A.B. stated petitioner's partner "whipped" him. Despite all the testimony to the contrary, petitioner maintained that A.B.'s bruises were not caused by abuse and that A.B. self-inflicted some of the bruises on his body. The circuit court found that petitioner's testimony was not credible. After considering the testimony, the circuit court adjudicated petitioner as an abusing parent by order entered on February 4, 2016.

The circuit court held a dispositional hearing. After considering the parties arguments, the circuit court terminated petitioner's parental rights to A.B. by order entered on September 13, 2016.[3] This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply

---

[3]The circuit court also terminated the parental rights of A.B.'s father. According to the DHHR, as of the filing of their response brief, the permanency plan for A.B. is adoption by his paternal grandfather.

because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her an improvement period. We find no merit to petitioner's argument. Pursuant to West Virginia Code § 49-4-610(3), circuit courts have discretion to grant an improvement period when the parent "moves in writing for the improvement period [and] demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." We have held that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, it is clear that petitioner failed to demonstrate her ability to fully participate in an improvement period. Petitioner failed to acknowledge the abuse despite A.B.'s testimony that "daddy whipped [him.]" Petitioner further ignored the medical testimony that A.B.'s bruises were not the result of his medication. "Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *In re Timber M.,* 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.,* 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). As such, it is clear that petitioner failed to establish that she was likely to fully participate in a post-adjudicatory improvement period.

Finally, petitioner argues that the circuit court erred in terminating her parental rights without imposing a less-restrictive dispositional alternative. Pursuant to West Virginia Code § 49-4-604, circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected and when necessary for the child's welfare. We have held as follows:

> "[p]arental rights may be terminated where there is clear and convincing evidence that the infant child has suffered extensive physical abuse while in the custody of his or her parents, and there is no reasonable likelihood that the conditions of abuse can be substantially corrected because the perpetrator of the abuse has not been identified and the parents, even in the face of knowledge of the abuse, have taken no action to identify the abuser."

Syl. Pt. 3 *In re: Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993). The circuit court was presented with evidence that, while in petitioner's care, A.B. suffered extensive physical abuse. Furthermore, petitioner maintained that A.B. self-inflicted some of his injuries and that the bruising was the result of a medical condition despite the testimony of multiple witnesses that testified that A.B. did not have a medical condition that would result in "easy bruising." For these reasons, termination of petitioner's parental rights to the child was not error.

For the foregoing reasons, we hereby affirm the circuit court's September 13, 2016, order.

Affirmed.

**ISSUED**:  March 24, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker